**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4566-17T4

JOAN MARIE HOFFMAN,

     Plaintiff-Appellant,

v.

J.P. MORGAN CHASE and
CALIBER HOME LOANS,

     Defendants-Respondents.

_____

Argued telephonically May 13, 2019 – Decided June 5, 2019

Before Judges Fasciale and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. C-012005-18.

Joan Marie Hoffman, appellant, argued the cause pro se.

Robert T. Yusko argued the cause for respondent Caliber Home Loans (Perkins Coie LLP, attorneys; Robert T. Yusko, on the brief).

Eva K. Carey argued the cause for respondent J.P. Morgan Chase Bank (Bertone Piccini, LLP, attorneys; Eva K. Carey, of counsel and on the brief).

PER CURIAM

Plaintiff appeals from two orders: an April 30, 2018 order dismissing the amended complaint against defendant Caliber Home Loans (Caliber); and a June 8, 2018 order dismissing the complaint against defendant JPMorgan Chase Bank, N.A. (Chase), improperly pled as J.P. Morgan Chase. Judge Margaret Goodzeit entered the orders and rendered comprehensive and thorough opinions. We affirm.

Almost eleven years ago, a bank instituted a residential foreclosure complaint against plaintiff, who immediately filed an answer contesting the bank's allegations. In November 2009, the bank obtained final judgment, which the court amended. The Sheriff then scheduled the sale of the property. Thereafter, plaintiff filed a Chapter 13 petition, which stayed the sale. The bankruptcy court dismissed the petition in October 2016, and although the Sheriff re-listed the sale, plaintiff stayed it again by filing a Chapter 7 petition. The bankruptcy court lifted the stay, refusing to stay the sale any further, despite multiple applications by plaintiff.[1] Plaintiff filed this complaint in January 2018, and the Sheriff sale of the property occurred in June 2018.

---

[1] Plaintiff filed at least three other bankruptcy petitions, seeking further stays of the sale. The bankruptcy court dismissed the petitions and denied each of her requests to stay the sale of the property.

A-4566-17T4

In this complaint, plaintiff alleged she proposed to redeem the property in March 2010, Chase failed to respond, Caliber became the servicer of the loan in July 2015, and Caliber provided a pay-off figure to plaintiff in November 2017. The judge entered the orders under review dismissing the complaint under Rule 4:6-2(e), the entire controversy doctrine (ECD), res judicata, and collateral estoppel.

On appeal, plaintiff argues the judge erred by dismissing the complaint by relying on the ECD. Indeed, her merits brief focuses solely on the ECD, although at oral argument before us, she contended that the judge erroneously relied on the other bases for dismissing this case. Plaintiff urges us to reverse the orders and award her damages.

We conclude that plaintiff's contentions are without sufficient merit to warrant attention in a written opinion. R. 2:11-3(e)(1)(E). We reach that conclusion even considering plaintiff's new arguments on appeal, on the record that she expanded without court order. We affirm substantially for the reasons expressed by Judge Goodzeit.

Affirmed

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4566-17T4